## NATIONAL LABOR RELATIONS BOARD v. LIPSHUTZ.

### No. 11245.

Circuit Court of Appeals, Fifth Circuit.

May 4, 1945.

Alvin J. Rockwell, General Counsel, National Labor Relations Board, and Malcolm F. Halliday, Associate Gen. Counsel, N.L.R.B., both of Washington, D. C., and Dan M. Byrd, Atty., N.L.R.B., of Atlanta, Ga., for petitioner.

Albert E. Mayer, of Atlanta, Ga., for respondent.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, Circuit Judge.

The National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e), petitions for enforcement of its order issued against respondent on June 29, 1944. In proceedings before it, heard on charges by the Amalgamated Clothing Workers of America, CIO, the Board found that respondent had engaged in and was engaging in certain unfair labor practices affecting commerce, in violation of Section 8(1) of the Act, 29 U.S.C.A. § 158(1). Accordingly, it issued its order to respondent (1) to cease and desist from interfering with and coercing his employees in the exercise of the rights of self-organization and other activities as guaranteed in Section 7 of the Act, 29 U.S.C.A. § 157, and (2) to take affirmative action by posting appropriate notices and by notifying the regional director that such notices had been posted.

Jurisdiction in the Board is admitted.[1] The questions before us are: (1) Are the Board's findings of fact that respondent

---

[1] The respondent, doing business as The Monarch Company, employs more than 100 employees at a plant in Atlanta, Georgia, in the manufacture and sale of men's and boys' cotton wearing apparel, consisting principally of suits, trousers,

had engaged in unfair labor practices supported by substantial evidence? (2) Is the Board's order valid and proper?

The finding of the Board is that respondent engaged in unfair labor practices (1) by making anti-union statements and (2) by threatening employees with economic reprisals. It appears that the unlawful activities found by the Board occurred during an organizational drive by the Amalgamated Clothing Workers of America in 1943, and were a repetition of anti-union tactics employed by the respondent in 1937 when the union attempted to organize his employees. At that time the Board found that respondent threatened to close his plant and to change its location if it was unionized, and made anti-union remarks,— all violative of the Act.[2] The Board, in its review of the trial examiner's findings, reversed many of them, but it approved his findings that respondent shortly after the commencement of the union organizational campaign in 1943, in an address to his employees at his plant, stated that he would rather close the plant or operate it with twenty loyal employees than permit the War Labor Board or the CIO or any other organization to run his business; that shortly thereafter he told several of his employees that "before he would operate under the union shop * * * he would move to Villa Rica and leave just enough work up here for about two days a week for the union hands to do"; that he sought to check or suppress the organizational effort by inquiring of employees why they wanted to join the union and how they expected to benefit from it, pointing out that if they were dissatisfied they should come to him or to his forelady instead of going to some organization; and that the union movement was initiated by "squirts."

■ A review of the evidence in support of the Board's findings would serve no useful purpose. These findings are amply supported by the evidence. We concur in them and in the legal conclusions drawn from them.

■ Respondent complains that the cease and desist order of the Board is too broad; that it should order him only to cease and desist from the unfair labor practices of the kind found by the Board to have been committed by him. In this we concur. When sustained by the court, the order is in effect an injunction, hence it must be exact and specific in what it requires or forbids. Hughes Tool Company v. N. L. R. B., 5 Cir., 147 F.2d 69, and authorities cited. The order requires the respondent to cease and desist from in any manner interfering with, restraining, or coercing his employees in the exercise of those rights and those activities guaranteed to them in Section 7 of the Act. The order must be modified so as to limit its full effect to the restraint of the unfair labor practices found to have been committed by the respondent and other related unlawful acts. N. L. R. B. v. Express Pub. Co., 312 U.S. 426, 436, 61 S.Ct. 693, 85 L. Ed. 930. Thus modified the order will be enforced. A decree may be presented accordingly.

and jackets. The principal raw materials used in his business are cotton cloth, thread, buttons, needles, machinery, and parts. Approximately 75 per cent of such raw materials originate outside the State of Georgia. Respondent's annual sales aggregate approximately $250,000, of which 75 per cent is from goods shipped from his plant to points outside the State of Georgia.

[2] Matter of W. E. Lipshutz, 14 N.L. R.B. 1196.